## CIRCUIT COURT OF WARREN COUNTY

Millie I. Irwin

    v.

Mary H. Wine

February 4, 1981

Case No. (Chancery) 3832

### By JUDGE HENRY H. WHITING

After consideration of the memoranda filed by counsel, the evidence heard *ore tenus*, the stipulation and the pleadings, the Court is of the opinion that plaintiff should have certain relief against the defendant, and the following is its opinion.

This action was brought under the provisions of Virginia Code § 55-248.40 seeking damages, attorney's fees and an injunction by a tenant against a landlord alleging an attempted retaliatory eviction under Virginia Code § 55-248.39.

The Court finds from the evidence that:

(1) Defendant (landlord), who has more than ten rental units at her trailer court, one of which was occupied by plaintiff (tenant) in August of 1979 and again in October of 1979, attempted to evict tenant after knowledge of a complaint made by tenant to the Virginia State Health Department of violations by landlord of Health Department water and sewer regulations upon the demised premises in the spring and summer of 1979.

(2) Landlord was in violation of those regulations during that period and until November of 1979, when the sewerage violations were corrected and until August of 1980, when the water system violations were corrected.

(3) There is no evidence that landlord has been in violation in either system since the above dates.

(4) Five Hundred Dollars would be a reasonable fee for representation of tenant in this case.

(5) No other damage to tenant has been sufficiently established in the evidence, except the expenditure of attorney's fees.

(6) The condition of the trailer court has changed materially since the violations have been corrected and the length of time after the complaints were made and the eviction was attempted constitute materially different circumstances than those existing when the complaints were made and eviction was attempted.

### Conclusions of Law

(1) Landlord did violate the provisions of Virginia Code § 55-248.39 in attempting to evict tenant.

(2) Tenant was adversely affected by the attempted retaliatory eviction and is entitled to recover a reasonable attorney's fee in the sum of Five Hundred Dollars but no other damages.

(3) No injunction should issue because the circumstances have changed and no need is shown for an injunction at this time.